CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
3/31/2022
JULIA C. DUDLEY, CLERK
BY: s/ A. Little
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| DAVID W. SHREVE, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>THE UNITED STATES OF AMERICA, )<br>)<br>   Defendant. ) | Civil Action No.: 6:21-cv-00050<br><br>By: Elizabeth K. Dillon<br>    United States District Judge |

**MEMORANDUM OPINION**

Plaintiff David W. Shreve sued the United States of America pursuant to the Federal Tort Claims Act (FTCA) alleging a claim for the negligent processing of his 2018 tax refund by employees of the Internal Revenue Service (IRS). (Compl., Dkt. No. 1.) The case is before the court on the government's motion to dismiss for lack of jurisdiction (Dkt. No. 12), which Shreve opposed. (Dkt. No. 17.) For the following reasons, the court will grant the government's motion to dismiss.

I.  BACKGROUND

On March 2, 2019, Shreve received an email from his tax preparer, the accounting firm Cherry Bekaert, that his 2018 tax refund was available. (Compl. ¶ 6.) Shreve instructed Cherry Bekaert to apply his refunds to his 2019 tax liability and refund any excess. (*Id.*) Three days later, Shreve learned that Cherry Bekaert had received a fraudulent email, purporting to be from Shreve, instructing them to deposit the refund into a Wells Fargo bank account instead. (*Id.* ¶ 7.) Cherry Bekaert had already complied with the request before Shreve alerted them that the email was fraudulent. (*Id.*)

On the same day, Shreve contacted the IRS and spoke with an employee about stopping the refund from being deposited in the fraudster's account. (*Id.* ¶ 8.) The IRS employee told Shreve that she put in a ticket to stop the deposit, and Shreve would receive a physical paper check sometime after March 26, 2019. (*Id.* ¶¶ 8, 10.) However, on April 8, 2019, Shreve discovered that his federal tax refund had been deposited into the fraudster's account on March 13, 2019. (*Id.* ¶ 10.) A few days later, Shreve again contacted the IRS and spoke with an employee who "confirmed that a code had been placed to flip the return from direct deposit to a physical check but the money was still direct deposited." (*Id.* ¶ 12.) The employee then told Shreve there was nothing else the IRS could do. (*Id.*)

Shreve alleges that the IRS employees owed him a duty after he alerted them to the fraudulent activity, and they breached that duty by failing to stop the deposit. (*Id.* ¶¶ 13, 14.) He alleges these actions and omissions directly and proximately caused him damages equivalent to the amount of his federal tax refund. (*Id.* ¶ 18.) "Therefore, [his] claim for negligent processing of his tax refund may be pursued against the United States." (*Id.* ¶ 15.)

## II. DISCUSSION

The United States moves to dismiss Shreve's complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that the United States maintains sovereign immunity against Shreve's claim because it relates to the assessment or collection of taxes. (Def.'s Mem. in Supp. of Mot. to Dismiss, Dkt. No. 12-1.) Shreve responds that the tax refund process does not relate to the assessment or collection of taxes and, as a policy matter, allowing the United States to maintain sovereign immunity in this case "would perpetrate an injustice on the tax-payer." (Pl.'s Opp'n to Mot. to Dismiss, Dkt. No. 17.)

## A. Legal Standards

The United States brings a "facial" challenge to the court's subject matter jurisdiction. *See Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). A facial challenge argues that the complaint fails to allege facts sufficient to support a finding that a court has subject matter jurisdiction. *Id.* Thus, "'the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration.'" *Id.* (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). That is, the factual allegations of the complaint are treated as true. *Id.*

The United States is immune from all suits absent an express waiver of its sovereign immunity. *Welch v. United States*, 409 F.3d 646, 650 (4th Cir. 2005). Any waiver of sovereign immunity must be strictly construed in the United States' favor. *Id.* It is the plaintiff's burden to show "an unequivocal waiver of sovereign immunity," and if the plaintiff fails to meet his burden, the claim must be dismissed. *Id.* at 651.

"The FTCA provides a limited waiver of the United States' sovereign immunity that allows plaintiffs to sue the United States 'for certain torts committed by federal employees acting within the scope of their employment.'" *Billups v. United States*, 854 F. App'x 514, 516 (4th Cir. 2021) (citing *Brownback v. King*, --- U.S. ----, 141 S. Ct. 740, 746 (2021)). However, the statute provides exceptions to this waiver, including an exception for "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty." 28 U.S.C. § 2680(c).

## B. The United States' Motion to Dismiss

The United States argues that it has not waived sovereign immunity in this case because (1) this case arises from the assessment or collection or taxes, (2) the Supreme Court has read the section 2680(c) exception broadly in the context of another exception, and (3) the "only appeals

court to consider this issue has held that the claim is not cognizable under the FTCA." (*See* Pl.'s Mem. in Supp. of Mot. to Dismiss. 4–7.)

In *Aetna Cas. & Sur. Co. v. United States*, the Second Circuit held that section 2680(c)'s exception applied to a claim of tortious conversion of a tax refund against the IRS. 71 F.3d 475 (2d Cir. 1995). The plaintiff in *Aetna* argued that "the payment of a refund" was not an assessment or collection of taxes so the exception did not apply. The Second Circuit noted that this reading of section 2680(c) was too narrow. *Id.* at 477 (citing *Kosak v. United States*, 465 U.S. 848, 854 (1984), to support a broad construction of § 2680(c)). The court reasoned that "[t]he payment of refunds when due is an integral part of [the government's mechanism for assessing and collecting taxes.]" *Id.* at 478; *see also Clark v. United States*, 326 F.3d 911, 914 (7th Cir. 2003) (noting, without deciding, that plaintiff's "claim based on the IRS's refusal to issue him another tax refund check after his was cashed by someone else likely would arise out of the IRS's assessment or collection mechanism").

While the Fourth Circuit does not appear to have squarely addressed this issue, the court is persuaded by the Second Circuit's reasoning in *Aetna* and agrees that the payment of tax refunds "is an integral part" of the assessment and collection of taxes. *Aetna*, 71 F.3d at 478. Therefore, Shreve's claim falls under the section 2680(c) exception to the United States' limited waiver of sovereign immunity in the FTCA. As the United States notes in its memorandum, Shreve is not likely to be without a remedy for his stolen refund check. *See* 31 U.S.C. § 3343(b) (providing recourse for lost or stolen government check). However, Shreve's remedy is not a claim for negligence against the United States under the FTCA.

## III.  CONCLUSION

Because the court concludes that the United States has maintained its sovereign immunity in this case, the court will grant the United States motion to dismiss for lack of subject matter jurisdiction.  The court will issue the appropriate order.

Entered: March 31, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge